**LEX TECNICA, LTD.**
DAVID GARDNER, ESQ.
Nevada Bar No. 12375
NICHOLAS R. ANDERSON, ESQ.
Nevada Bar No. 13815
SCOTT WHITWORTH, ESQ.
Nevada Bar No. 15671
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
david@lextecnica.com
nick@lextecnica.com
scott@lextecnica.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMUEL CASTOR, ESQ., as Trustee of CPACS, A Living Trust;<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS VALLEY WATER DISTRICT, a political subdivision of the State of Nevada,<br><br>Defendant. | Case No.:  2:25-cv-01628-RFB-MDC<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

The parties hereto by and through their undersigned counsel hereby submit the Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a)-(b).

Plaintiff, SAMUEL CASTOR, ESQ. as Trustee of CPACS (hereinafter "Plaintiff") filed a Complaint in Clark County District Court on May 14, 2025, and a First Amended Complaint on August 1, 2025, with an Errata to First Amended Complaint filed August 5, 2025. Defendant LAS VEGAS VALLEY WATER DISTRICT, (hereinafter "Defendant" or "LVVWD") filed a Notice of Removal on August 29, 2025 and made its first federal appearance by filing a Rule 12(b)(6) motion on September 10, 2025.

1  A.     **Meeting:** Counsel for the parties met and conferred as required by Fed. R. Civ. P. 26(f) on October 16, 2025 at 3:00 p.m., and discussed the following:

B.     **Pre-Discovery Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will make their initial disclosures on or before November 6, 2025 (21 days after the Rule 26(f) conference).

C.     **Areas of Discovery:** The Parties agree that each party may conduct all discovery allowed under the Federal Rules of Civil Procedure, and the Local Rules of the District of Nevada. Each party is limited to twenty-five (25) interrogatories, including all discrete subparts, as set forth in Fed. R. Civ. P. 33(a)(1).

D.     **Discovery Cut-off Dates**: LR 26-1(b)(1) provides that "unless the court orders otherwise, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

Counsel discussed this matter during the Fed. R. Civ. P. 26(f) conference held on October 16, 2025. Given the complexity of the claims asserted, the outstanding motions, the injuries claimed by the Plaintiff, the number of documents likely to be produced, and the need for experts who will need to perform a detailed review of said documents, the parties respectfully request a 270-day discovery period, from September 10, 2025, the day Defendant filed its first responsive filing. The stipulated discovery cut-off date is therefore June 7, 2026.

(1) **Discovery Cut-Off Date**: The parties request a special scheduling review and agree that discovery shall close on June 7, 2026 (270 days from the date Defendant made its appearance by filing a 12(b)(6) motion on September 10, 2025).

(2)     **Amending the Pleadings and Adding Parties**: Pursuant to LR 26-1(b)(2), the last date for filing motions to amend the pleading or to add parties shall be March 9, 2026 (90 days before the close of discovery).

(3)     **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**: Pursuant to LR 26-1(b)(3), the last date for initial expert disclosures shall be April 8, 2026 (60 days before the discovery cut-off date), and the deadline for rebuttal experts shall be May 8, 2026 (30 days after initial expert disclosures).

(4)     **Dispositive Motions**: Pursuant to LR 26-1(b)(4), the last date for filing dispositive motions shall be July 7, 2026 (30 days after the discovery cut-off date).

(5) **Pretrial Order**: Pursuant to LR 26-1(b)(5), the joint pretrial order shall be filed no later than August 6, 2026 (30 days after the dispositive motion deadline), or 30 days after the Court resolves dispositive motions if any are pending.

(6) **Alternative Dispute Resolution:** Pursuant to LR 26-1(b)(7)–(9) the parties certify they discussed mediation and alternative dispute resolution options and will continue to evaluate ADR as discovery proceeds. Counsel further certify they considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and participation in the Short Trial Program. As this matter is tried to a jury, counsel certifies they discussed use of electronic evidence at trial and will ensure compatibility with the Court's electronic evidence display system.

(7) **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

(8) **Extensions or Modifications of the Discovery Plan and Scheduling Order:**

LR 26-3 governs the modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be filed no later than 21 days before subject deadline sought to be extended. A request within 21 days of the deadline must show good cause. A request after the deadline will not be granted unless the movant also shows excusable neglect.

(9) **Fed. R. Civ. P. 26(a)(3) Disclosures**: The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

(10) **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties will work together in good faith on a proposed ESI Protocol. The parties also reserve the right to submit a proposed Fed. R. Evid. 502(d) order to govern inadvertent production and non-waiver. Nothing stated herein is intended to waive any rights to serve written discovery requests pursuant to Fed. R. Civ. P. 33 and 34.

. . .

. . .

(11) **Pending Motions and Discovery**: The filing of a motion to dismiss does not stay discovery absent a court order. The parties will proceed with discovery consistent with this schedule unless the Court orders otherwise.

E.     **Statement of Excusable Neglect**:

The parties respectfully submit that good cause and excusable neglect exist to support the requested scheduling deadlines pursuant to LR IA 6-1 and LR IA 6-2. Following the meet and confer on October 16, 2025, Plaintiff's counsel circulated a draft Joint Discovery Plan and Scheduling Order on October 17. Defendant's counsel agreed to the dates in the proposed plan on October 28, made some edits to the proposed plan and requested a one-week extension to the initial disclosure deadline. Plaintiff circulated a revised draft with additional edits on November 6. After multiple rounds of correspondence, the parties agreed to meet and confer again on November 19. The parties reached a final agreement on November 21, and the Joint Discovery Plan and Scheduling Order was promptly filed thereafter.

The parties have diligently worked to meet existing deadlines, but despite their efforts, additional time was needed. The delay is not the result of bad faith or dilatory motive. The limited length of the delay will not prejudice the Court or any party, and the requested modification from the standard discovery plan will allow for a more efficient and complete resolution of the remaining discovery issues. Both parties have made their initial disclosures.

The brief delay resulted from the parties' ongoing coordination to finalize mutually acceptable scheduling terms, and not from a lack of diligence. During this period, the parties continued to confer and exchange drafts of the proposed plan. The parties acknowledge the Court's instruction that the prior stipulation was untimely under LR 26-1(a) and have ensured that the judicial signature block in this amended stipulation appears on the same page as the last substantive matter, consistent with LR IA 6-2. Plaintiff has already served written discovery, and additional written discovery, document production, depositions, and expert disclosures and reports remain outstanding. The proposed deadlines will allow the parties to complete the remaining discovery in an orderly and efficient manner and without prejudice.

. . .

Accordingly, the parties respectfully request approval of the revised scheduling deadlines.

DATED this 1st day of December, 2025.

| LEX TECNICA, LTD. | SPENCER FANE LLP |
|---|---|
| /s/ David Gardner<br>DAVID GARDNER, ESQ.<br>Nevada Bar No. 12375<br>NICHOLAS R. ANDERSON, ESQ.<br>Nevada Bar No. 13815<br>SCOTT WHITWORTH, ESQ.<br>Nevada Bar No. 15671<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145<br>*Attorneys for Plaintiff* | /s/ Oliver J. Pancheri<br>OLIVER J. PANCHERI, ESQ.<br>Nevada Bar No. 7476<br>JESSICA M. LUJAN, ESQ.<br>Nevada Bar No. 14913<br>TIFFANY SOLARI, ESQ.<br>Nevada Bar No. 16003<br>300 South Fourth Street, Suite 1600<br>Las Vegas, Nevada 89101<br>*Attorneys for Defendant Las Vegas Valley Water District* |

**ORDER**

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: December 3, 2025