# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL CASTOR, ESQ., as Trustee of CPACS, A Living Trust;<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS VALLEY WATER DISTRICT, a political subdivision of the State of Nevada,<br><br>Defendant. | Case No.: 2:25-cv-01628-RFB-MDC<br><br>**ORDER RE MOTION FOR LIMITED STAY OF DISCOVERY (ECF No. 28) and MOTION FOR ESI PROTOCOL (ECF No. 29)** |

The Court has considered defendant's *Motion for Limited Stay of Discovery* (ECF No. 28) ("Stay Motion") and plaintiff's *Motion for Entry of ESI Discovery Order* (ECF No. 29) ("ESI Motion"). For the reasons below, the Court **GRANTS** defendant's Stay Motion and **DENIES** as moot and without prejudice plaintiff's ESI Motion.

## I.      BACKGROUND

This case arises out of a billing dispute between plaintiff, Samuel Castor, Esq. as Trustee of the CPACS, A Living Trust ("plaintiff") and defendant, the Las Vegas Valley Water District ("defendant"). Plaintiff alleges that he paid defendant $1,755 in fines for excessive use charges ("EUC") during the summer of 2025. *See ECF No. 34.* According to plaintiff, defendant effectively forced him to remove his grass and landscaping to avoid additional fines, resulting in landscape damages of approximately $50,000. *Id.* Notwithstanding his landscape efforts, plaintiff continued to be charged EUC fines. *Id.* Plaintiff claims defendant's policies disproportionately burden larger households and multi-generational families like his because the EUC structure does not account for household occupancy, house size, or lot size. *Id.*

Plaintiff asserted the following six claims against defendant: (1) violation of procedural due process; (2) breach of contract; (3) negligence; (4) unconstitutionally excessive fines; (5) violation of

1

equal protection; and (6) violation of substantive due process. *See ECF No. 1-5.* On September 10, 2025, defendant filed a *Motion to Dismiss* (ECF No. 6) ("Motion to Dismiss") four of plaintiff's six clams, to wit: (i) negligence; (ii) unconstitutionally excessive fines; (iii) violation of equal protection; and (iv) violation of substantive due process. The briefing on defendant's Motion to Dismiss has been completed. Thereafter, on December 8, 2025, defendant filed its Stay Motion.

By its Stay Motion, defendants seek a limited stay of discovery only with respect to the plaintiff's four claims that are the subject of defendant's Motion to Dismiss. *ECF No. 28.* Plaintiff opposed defendant's Stay Motion (ECF No. 34) ("Opposition to Stay") and separately filed his ESI Motion (ECF No. 29) seeking a comprehensive protocol for the search and production of electronically stored information relative to all of plaintiff's claims. Defendant opposed plaintiff's ESI Motion and proposed ESI protocol, primarily arguing that the scope of the protocol is unduly burdensome and broad as it encompasses discovery of the four claims that are the subject of defendant's Motion to Dismiss. *ECF No. 33.*

## II.    STAY MOTION (ECF No. 28)

### A.    Applicable Standards

The courts' "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Erwine v. United States*, No. 3:24-CV-00045-MMD-CSD, 2024 WL 4029202, at *2 (D. Nev. Sept. 3, 2024), *reconsideration denied*, No. 3:24-CV-00045-MMD-CSD, 2024 WL 4707934 (D. Nev. Nov. 7, 2024) (quoting *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted)). "Instead, a party seeking to stay discovery carries the

heavy burden of making a strong showing why discovery should be denied." *Id*.  When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1).  Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending.  *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024).  The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery.  *Id*.  The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1.  For example, good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense.  *Schrader v. Wynn Las Vegas, LLC.,* No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *2 (D. Nev. Oct. 14, 2021); Fed. R. Civ. P. 26(c)(1).  Staying discovery may also be appropriate when a movant can convince the Court about the merits of its pending dispositive motion, borrowing this element from the preliminary peek.  *Schrader*, 2021 WL 4810324, at *2 *(citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).  Good cause may also exist where a staying discovery secures "the just, speedy, and inexpensive determination" of the action.  Fed. R. Civ. P. 1.; *Tradebay,* 278 F.R.D. at 603 ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.").

**B.    No Discovery Is Required To Respond to Defendant's Motion to Dismiss**

In Plaintiff's Opposition to Stay (ECF No. 34), plaintiff argues that he needs discovery to respond to defendant's Motion to Dismiss.  Plaintiff also identifies and describes a host of discovery which he claims he requires to respond to defendant's Motion to Dismiss.  *See ECF No. 34*.  As Defendant points

3

out, however, plaintiff has already responded to defendant's Motion to Dismiss (ECF No. 13) (plaintiff's "Opposition to Dismiss") without a need to conduct any discovery, or requesting to conduct any discovery in order to respond.  *See ECF No. 39*.  The Court also reviewed plaintiff's Opposition to Dismiss (ECF No. 13) and confirmed that plaintiff fully responded to defendant's Motion to Dismiss without requesting any discovery or asserting that he required discovery to respond to the motion.  Moreover, the Court finds that the discovery plaintiff argues he needs in his Opposition to Stay goes to the merits of his claims and not the sufficiency of his complaint, which is the issue relative to defendant's Motion to Dismiss.  *See e.g.*, *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (In evaluating a motion to dismiss, courts accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff.).

### C.    Good Cause Exists for a Limited Stay of Discovery Regarding The Claims Subject to Defendant's Motion to Dismiss

The discovery pursued by plaintiff without a limited stay is extensive.  *See ECF Nos. 33*, *34*.  The Court takes no position as to whether such discovery could be appropriate *vis-à-vis* the merits of the plaintiff's four claims that are challenged by defendant's Motion to Dismiss.  Given the posture of this case, however, the plaintiff may never reach the merits of those four claims if defendant prevails in its Motion to Dismiss.  Thus, engaging in such extensive discovery at this juncture would prejudice defendant, waste the parties' resources, and undermine the objectives of Fed. R. Civ. P. 1.  The Court finds that the plaintiff will not be prejudiced by a short and limited stay of discovery because plaintiff already responded to defendant's Motion to Dismiss without a need or request for discovery, and because plaintiff may pursue discovery on his other two claims.  Accordingly, the Court finds good cause for a limited stay of discovery regarding the plaintiff's four claims that are subject to defendant's Motion to Dismiss.

//

//

4

**III.    ESI MOTION (ECF No. 29)**

As noted above, plaintiff's proposed ESI order and protocol encompass all six of plaintiff's claims.  Because the Court is staying discovery four of plaintiff's claims, plaintiff's proposed ESI order and protocol is not appropriate at this time.  Accordingly, the Court denies plaintiff's ESI Motion without prejudice.  The Court directs the parties to meet and confer about ESI protocols relative to the plaintiff's claims that are not the subject defendant's Motion to Dismiss.  If, after earnest and good faith meet and confer efforts, the parties are unable to reach a stipulation regarding ESI, the parties must bring their unresolved disputes to the Court in accordance with the Court's 12/15/25 Standing Order (ECF No. 31).

**IV.    CONCLUSION AND ORDER**

For the following reasons,

**IT IS ORDERED** that:

1).    Defendant's *Motion for Limited Stay of Discovery* (ECF No. 28) is **GRANTED**.

2).    Discovery regarding plaintiff's claims for (i) negligence; (ii) unconstitutionally excessive fines; (iii) violation of equal protection; and (iv) violation of substantive due process is stayed pending further Court order.

3).    Plaintiff's *Motion for Entry of ESI Discovery Order* (ECF No. 29) is **DENIED** as moot and without prejudice.

IT IS SO ORDERED.

February 6, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge